No. 615 July 1, 2026 169

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAEGEN KISLER,
*Defendant-Appellant.*

Marion County Circuit Court
22CR11826; A184330

Jodie A. Bureta, Judge.

Argued and submitted September 24, 2025.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Elise Josephson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction, entered after a bench trial, for one count of failure to perform duties of driver to injured persons, ORS 811.705.[1] In defendant's sole assignment of error, he claims that the trial court erred in failing to enter a judgment of acquittal.[2] Defendant specifically argues that the evidence was legally insufficient to prove that he knew he was involved in an accident. As explained below, we affirm.

When reviewing the denial of a motion for judgment of acquittal, our task is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). To the extent inferences from circumstantial evidence are necessary to prove an element, it is a question of law what reasonable inferences may be made from the evidence. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). Reasonable inferences are allowed, but "speculation and guesswork are not." *Id*.

To be guilty of failure to perform duties of driver to injured persons, a driver must know or have reason to believe that the driver's vehicle was involved in a collision and fail to perform the duties required by ORS 811.705(1).[3] One of those duties requires the driver to immediately stop their vehicle "at the scene of the collision or as close to the scene of the collision as possible and reasonably investigate what the driver's vehicle struck." ORS 811.705(1)(a). The state charged

_____

[1] The trial court acquitted defendant of one count each of second-degree assault, third-degree assault, failure to perform the duties of a driver to injured persons, and driving under the influence of intoxicants.

[2] In closing argument, defendant challenged the sufficiency of the evidence to support a conviction, which, in a bench trial, we treat as the functional equivalent of a motion for judgment of acquittal. *State v. Gonzalez*, 188 Or App 430, 431, 71 P3d 573 (2003).

[3] A driver has "reason to believe" that a collision has occurred when "the driver is aware of a circumstance that would cause a reasonable person to be aware of a substantial and unjustifiable risk that the driver's vehicle has been in a collision." ORS 811.705(2).

defendant under that statute after he struck a pedestrian crossing the road, seriously injuring her, and continued driving. On appeal, defendant—who had been driving a large, lifted truck and hit a small woman—argues that there was insufficient evidence proving that he knew about the collision at the time of the accident to support his conviction.

We disagree with defendant's contention. The state provided sufficient evidence for a reasonable factfinder to find that defendant knew that he struck someone with his truck.[4] The circumstances of the collision provide support for the state's position. The accident occurred after defendant was leaving a bar where he had been drinking with friends. The road leading up to the crash site was flat, straight, and had good visibility that evening. Upon hitting the victim, defendant's truck sustained a large dent and significant grille damage to the point of impact. The impact also caused serious injuries to the victim, including multiple broken bones, lacerated organs, and severe brain trauma. Additionally, the collision was loud and was heard by a passerby over nearby concert music. Video surveillance showed that shortly after he hit the victim, defendant drove to the parking lot of his friend's business, exited his vehicle, and examined the front of his truck. After seeing the damage, defendant took steps to conceal the collision.

We conclude that the evidence, viewed in the light most favorable to the state, is sufficient to support defendant's conviction. A rational trier of fact could have found defendant guilty of failure to perform duties of driver to injured persons beyond a reasonable doubt. Thus, the trial court did not err in denying defendant's motion for judgment for acquittal.

Affirmed.

---

[4] Defendant appears to argue that the state alleged only a knowing *mens rea* in the indictment and did not allege that defendant merely had a "reason to believe" that he had struck someone. Thus, defendant argues that the state had to present sufficient evidence to meet the higher knowing standard. At oral argument, the state contended that no specific *mens rea* was alleged and that the evidence survived a motion for judgment of acquittal under either theory. The trial court applied a "knowing" standard. We need not resolve the parties' dispute about the allegations in the indictment, because we conclude that, even under the higher "knowing" standard, the state put on sufficient evidence for a reasonable factfinder to conclude beyond a reasonable doubt that defendant knew that he had struck someone with his truck.